IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR058 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| TYRONE CAMMON, | ) | <u>UNITED STATES' TRIAL BRIEF</u> |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its counsel, Justine E. Herdman, United States Attorney, and Scott C. Zarzycki and Kelly Galvin, Assistant United States Attorneys, respectfully submit the following trial brief in accordance with this Court's Trial Order.

## I.  <u>SUMMARY OF THE CASE AND OFFENSE</u>

### A.  <u>Shell Gas Station, 2526 E. 55th Cleveland, Ohio – Count 1</u>

On March 21, 2016 at approximately 7:30 pm, a male occupying a silver Range Rover parked at the Shell Gas Station and walked inside.  A white Oldsmobile Aurora pulled up next to the now unoccupied silver Range Rover.  When the male returned to his vehicle, the driver of the white Oldsmobile with a temporary tag, a male matching the appearance of Tyrone Cammon, exited, and walked over to the driver side of the Range Rover and began a conversation.  The occupant of the Range Rover fled the vehicle towards Kinsman and was pursued by the driver of

the white Oldsmobile, who opened fire at the fleeing male and then returned to his vehicle and drove off after the fleeing male.  On scene at the Shell Gas Station Officers recovered 6 shell casings and obtained surveillance footage of the incident.  On the surveillance footage, the driver of the white Oldsmobile matching the appearance of Tyrone Cammon can be seen firing the handgun and pursuing the victim.  Tyrone Cammon was also the listed owner of a white Oldsmobile with a Temporary tag at the time.

B. <u>Arrest of Cammon at E. 74th and Central, Cleveland, Ohio – Counts 2-4</u>

On April 9, 2016 at approximately 8:54 p.m., officers initiated a traffic stop of a dark VW Jetta driven by Tyrone Cammon.  He pulled over at E. 74th and Central and exited the vehicle along with two other males.  When officers approached the vehicle, Cammon fled.  After a foot pursuit, Cammon was arrested.  During the pursuit he slipped and fell twice, the second time dropping a firearm in the snow.  Officers recovered a FNH, Five-Seven, 5.7x28mm caliber firearm which in later testing matched the shell casings from the March 21, 2016 shooting.  From the vehicle, officers recovered a bag containing suspected heroin, an individually wrapped bag containing suspected heroin, and suspected marijuana.  Lab results were: 1.9 grams of fentanyl, .55 grams of cocaine and heroin mixture, 1.61 grams of fentanyl, and 2 grams of marijuana. Four cell phones, $575.00 cash, and a silver digital scale were also recovered.

C. <u>Search Warrant at 4708 Quincy, Apt. 2224, Cleveland, Ohio – Counts 5-7</u>

US Marshals executing an arrest warrant for Tyrone Cammon made entry into 4708 Quincy Avenue on November 16, 2017.  Inside the residence US Marshals found Tyrone Cammon and observed in plain view a Glock Pistol in a bin in a closet with no door, a scale for weighing narcotics, a plastic bag containing suspected heroin next to the TV, and a Home Depot

bucket containing a drug press, coffee grinder, and respirator.  A search warrant was obtained. Lakewood Officers recovered two Glock 22, .40 caliber pistols, 19.13 grams of heroin, and 12.48 grams of a mixture containing Methoxyacetylfentanyl, Carfentanil, and Fentanyl Pharmacophore.

## II.    <u>CONTROLLING LAW</u>

The Indictment charges Defendant Tyrone Cammon with three separate counts of possessing a firearm after being convicted of an offense punishable by imprisonment for more than one year.  The relevant statute on this offense is Title 18, United States Code, Section 922(g)(1), which provides:

> It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year … to … possess in or affecting commerce, any firearm or ammunition….

18 U.S.C.§ 922(g)(1).  To sustain its burden of proof for this crime, the United States must prove all of the following elements beyond a reasonable doubt:

> 1:  That the defendant had been convicted of a crime punishable by imprisonment for more than one year;
>
> 2:  That the defendant, following his conviction, knowingly possessed the firearm specified in the Indictment; and,
>
> 3:  That the specified firearm crossed a state line prior to the alleged possession.

Sixth Circuit Pattern Jury Instruction No. 12.01, 2019 Edition; *United States v. Kincaide*, 145 F.3d 772, 782 (6th Cir. 1998).

The Indictment also charges Tyrone Cammon with three counts of Possession with Intent to Distribute Controlled Substances.  The relevant statutes for these offenses are Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and (C), which provide:

It shall be unlawful for any person knowingly or intentionally… to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

To sustain its burden of proof for these crimes, the United States must prove all of the following elements beyond a reasonable doubt:

1:  That the defendant knowingly and intentionally possessed a controlled substance.

2:  That the defendant intended to distribute a controlled substance.

Sixth Circuit Pattern Jury Instruction No. 14.01, 2019 Edition

The Indictment also charges Defendant Tyrone Cammon with Using or Carrying a Firearm During and in Relation to a Drug Trafficking Crime.  The relevant statute for this offense is Title 18 United States Code, Section 924(c)(1)(A)(i), which provides:

…[A]ny person who, during and in relation to any crime of violence or drug trafficking crime… for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime…

To sustain its burden of proof for this crime, the United State must prove all the following elements beyond a reasonable doubt:

(1)     That the defendants, aiding and abetting one another, committed the crime charged in Count 1, Attempted Armed Bank Robbery, a crime of violence which may be prosecuted in a court of the United States.

(2)     That the defendants, aiding and abetting one another, knowingly used or carried a firearm.

(3)     That the using or carrying of the firearm was during and in relation to the crime charged in Count 1.

Sixth Circuit Pattern Criminal Jury Instructions, 2019 Edition, Sections 2.02, 4.01, 12.02, and 12.04 (modified)

4

III.   **ANTICIPATED EVIDENTIARY ISSUES**

A.   VIDEO RECORDING AND TRANSCRIPTS

The United States intends to introduce an audio recording of phone calls invovling Tyrone Cammon, and government counsel has notified defense counsel of the same. Additionally, the government has prepared a transcript of portions of the audio that will play contemporaneously with the video.  The government has provided this transcript to defense counsel, as well as submitted the relevant pattern jury instruction regarding recordings as an aid in receiving evidence.

B.   DEFENDANT'S SELF-SERVING EXCULPATORY STATEMENTS

It is well-settled that defendants cannot seek to introduce their own self-serving exculpatory statements.  *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005) (citing *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996), *cert. denied*, 522 U.S. 934 (1997)). Indeed, while the Federal Rules of Evidence allow the government to introduce inculpatory statements made by a defendant, the "Rules do not, however, provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party." *Id.* Thus, while the government is permitted to introduce some or all of a defendant's statements against him as non-hearsay admissions of a party-opponent under Rule 801(d)(2), a defendant is not permitted to introduce his own statements under the same Rule.

This rule applies equally to the evidence the defendant seeks to introduce in his own case as it does to the evidence he tries to elicit through the cross-examination of witnesses.  Because the government may be introducing portions of the defendant's statements, primarily in the form of audio recordings, it anticipates that the defendant may seek to introduce portions of the statements made to police officers on scene into evidence pursuant to Rule 106.  The "rule of

completeness," however, does not override the prohibition from admitting self-serving, exculpatory statements.  *Gallagher*, 57 Fed. Appx. at 628-29.  The "completeness doctrine embodied in Rule 106 should not be used to make something admissible that would otherwise be excluded."  *Id.*, quoting *Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 718 (6th Cir. 1999); *see also United States v. Costner*, 684 F.2d 370, 373 (6th Cir. 1982).  If the government were seeking to mislead the jury regarding the actual meaning of one of the defendant's admissions, the completeness doctrine might be implicated.  That, however, is not the case here.

      C.      <u>SELF AUTHENTICATING CERTIFIED COPIES OF PUBLIC RECORDS</u>

The United States intends to introduce certified records of the Defendant's prior convictions.  Fed. R. Evid. 902(4) provides in pertinent part that "no extrinsic evidence of authenticity" is required in order to admit certified copies of public records if the copy is certified as correct by "the custodian or another person authorized to make the certification."  Here each record of conviction is certified as true and accurate by the Lorain County Clerk of Courts.  As such the evidence of Defendant's prior convictions are admissible as self-authenticating public records.

**III.**      **<u>TRIAL DOCUMENTS</u>**

      A.      <u>STIPULATIONS</u>

The United States and the Defendant have not entered into any stipulations.

      B.      <u>PROPOSED JURY INSTRUCTIONS</u>

The United States respectfully requests that the Court use the Joint Proposed Government and Defense Jury Instructions as filed.

      C.      <u>PROPOSED *VOIR DIRE* QUESTIONS</u>

The United States respectfully requests that the Court use the Joint Proposed Government and Defense Voir Dire as filed.

      D.     PRELIMINARY STATEMENT

The United States respectfully requests that the Court use the Joint Proposed Government and Defense preliminary statement as filed.

## IV.    COURTROOM PROCEDURE

      A.     JENCKS MATERIAL

The United States will provide *Jencks* material to the defense in a timely manner and in accordance with this Court's Order.

      B.     SEQUESTRATION OF WITNESSES & PRESENCE OF GOVERNMENT AGENT AT TRIAL

The United States respectfully requests that the Court issue a witness-sequestration order pursuant to Federal Rule of Evidence 615.  The government designates SA Cory Miles from the Bureau of Alcohol, Tobacco, Firearms, and Explosives, as its representative in this case to be present at counsel table throughout the trial.  SA Miles' presence in the courtroom during trial is essential to the presentation of the government's case.  *See* FED. R. EVID. 615(b) (specifically excluding from a sequestration order "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney"); FED. R. EVID. 615(c) (providing an additional exception for essential witnesses).

## V.    ESTIMATED LENGTH OF TRIAL

The United States anticipates completing its case-in-chief in approximately two-three days.

## VI.    CONCLUSION

The United States is prepared to submit additional briefing on any issue should the Court or circumstances require.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:    /s/ *Scott C Zarzycki*
       Scott C. Zarzycki (OH: 0072609)
       Kelly L. Galvin (OH:  0062585)
       Assistant United States Attorneys
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3971/(216) 622-3731
       (216) 522-8355 (facsimile)
       Scott.Zarzycki@usdoj.gov
       Kelly.L.Galvin@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this August 16, 2019, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ *Scott C. Zarzycki*
Scott C. Zarzycki
Assistant U.S. Attorney