IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR058 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| TYRONE CAMMON, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Scott Zarzycki, Assistant United States Attorney, and hereby files this sentencing memorandum.  The Government agrees with the calculations contained within the Presentence Investigation Report filed November 26, 2019 (R. 73: PSR, PageID 473), and recommends a sentence within the guideline range specified in paragraph 87 of the report.

## I.    OFFENSE CONDUCT AND GUIDELINE CALCULATION

### A.    Offense Conduct

On March 21, 2016 at approximately 7:30 pm, a male occupying a silver Range Rover parked at the Shell Gas Station and walked inside.  A white Oldsmobile Aurora pulled up next to the now unoccupied silver Range Rover.  When the male returned to his vehicle, the driver of the white Oldsmobile with a temporary tag, a male matching the appearance of Tyrone Cammon, exited, and walked over to the driver side of the Range Rover and began a conversation.  The occupant of the Range Rover fled the vehicle towards Kinsman and was pursued by the driver of the white Oldsmobile, who opened fire at the fleeing male and then returned to his vehicle and drove off after the fleeing male.  On scene at the Shell Gas Station, Officers recovered 6 shell casings and obtained surveillance footage of the incident.  On the surveillance footage, the driver

of the white Oldsmobile matching the appearance of Tyrone Cammon, can be seen firing the handgun and pursuing the victim.  Tyrone Cammon was also the listed owner of a white Oldsmobile with a Temporary tag at the time.

On April 9, 2016 at approximately 8:54 p.m., officers initiated a traffic stop of a dark VW Jetta driven by Tyrone Cammon.  He pulled over at E. 74th and Central and exited the vehicle along with two other males.  When officers approached the vehicle, Cammon fled.  After a foot pursuit, Cammon was arrested.  During the pursuit he slipped and fell twice, the second time dropping a firearm in the snow.  Officers recovered a FNH, Five-Seven, 5.7x28mm caliber firearm which in later testing matched the shell casings from the March 21, 2016 shooting.  From the vehicle, officers recovered a bag containing suspected heroin, an individually wrapped bag containing suspected heroin, and suspected marijuana.  Lab results were: 1.9 grams of fentanyl, .55 grams of cocaine and heroin mixture, 1.61 grams of fentanyl, and 2 grams of marijuana.  Four cell phones, $575.00 cash, and a silver digital scale were also recovered.

US Marshalls executing an arrest warrant for Tyrone Cammon made entry into 4708 Quincy Avenue on November 16, 2017.  Inside the residence US Marshalls found Tyrone Cammon and observed in plain view a Glock Pistol in a bin in a closet with no door, a scale for weighing narcotics, a plastic bag containing suspected heroin next to the TV, and a Home Depot bucket containing a drug press, coffee grinder and respirator.  A search warrant was obtained. Lakewood Officers recovered two Glock 22, .40 caliber pistols, 19.13 grams of heroin, and 12.48 grams of a mixture containing Methoxyacetylfentanyl, Carfentanil, and Fentanyl Pharmacophore.

B.      Guideline Calculation

Tyrone Cammon was indicted on February 6, 2018, for three counts of felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1) (Counts

1, 2, and 5), three counts of possession with intent to distribute in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and (C) (Counts 3, 6 and 7), and one count of using or carrying a firearm during and in relation to a drug trafficking crime in violation of Title 18 United States Code, Section 924(c)(1)(A)(i) (Count 4).  (R. 11, Indictment: PageID 25-28).  (R. 14: PSR, PageID 65).

A jury trial commenced on August 19, 2019 and concluded with a verdict on August 22, 2019.  (R. 73: PSR, PageID 461).  The jury found the defendant guilty of Counts 2-7 and not guilty of Count 1.  (Id.).  Additionally the jury made a finding in Count 7 that the amount of the mixture or substance containing a detectable amount of a fentanyl analogue was less than 10 grams (R. 70, Verdict Form, PageID 420).

The following is the relevant guideline calculations as correctly stated in the presentence report (R. 73: PSR, PageID 473):

| U.S.S.G. § 2K2.1: Felon in Possession (Count 5) | | |
|---|---|---|
| Base offense level | 26 | § 2K2.1(a)(1) |
| Specific Offense Characteristics (three firearms) | +2 | § 2K2.1(b)(1)(A) |
| Adjustments | N/A | N/A |
| **Subtotal** | **28** | |

**Career Offender Enhancement      37**[1] (USSG 4B1.1(b)(1))

Career Offender designation results in an automatic Criminal History category VI.

At offense level 37, and criminal history category VI, the advisory range is 360 months-life, plus five years on Count 4, to be served consecutively to the guideline sentence.

---

[1] Cammon faces maximum term of Life in prison on Count 4.  Under USSG 4B1.1(b)(1), if offense statutory maximum is Life, the Offense level is 37.

## II.     SENTENCING FACTORS 18 U.S.C. § 3553(A)

Upon properly calculating the advisory guideline range, this Court is required to follow

18 U.S.C. § 3553(a), which states:

> This Court is required to consider the following factors in determining the sentence.
>
> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
> (5) any pertinent policy statement--
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Government requests that the court impose a sentence within the range and of the

kind specified pursuant to the advisory Sentencing Guidelines.  In considering the factors in 18

U.S.C. § 3553(a), the Government asks this Court to consider the nature and circumstances of the offense, history, and characteristics of the defendant, primarily his lengthy criminal history and the need to protect the public from future crime committed by Tyrone Cammon.

The facts of this case demonstrate a continuing pattern of criminal behavior and absolute disregard for the law.  On April 9, 2016, Cammon was pulled over by the police with heroin and cocaine in his vehicle and a powerful handgun on his person.  He immediately ran from the police despite their demands that he stop, and at one point appeared to turn around with the gun in his hand and point it in the direction of the pursuing officer.  Fortunately he slipped in the snow a second time and dropped the firearm, allowing the police to later go back and recover it. He was taken into custody only after scaling a fence to avoid his capture.  Undeterred, over a year later Tyrone Cammon was arrested again in an apartment where he was staying with an even larger quantity of heroin and fentanyl analogue, cocaine, two semi-automatic pistols, and drug trafficking material.

The defendant has a criminal history dating back 18 years starting when he was a juvenile when he was adjudicated delinquent for making false alarms in 2002.  Between the ages of 14 and 17, he was adjudicated delinquent for driving without a license, felonious assault, drug possession, obstructing official business, and resisting arrest.

In May 2008, at age 19, Cammon was convicted of drug trafficking (F2), drug trafficking (F4), assault of a peace officer (F4) and tampering with evidence, in four separately charged cases.  He was sentenced to prison for 7 years.  He was released in February 2016.  Upon his release, the defendant almost immediately committed the offenses for which we was convicted of in the instant case.

Due to Cammon's lengthy criminal history of violent and drug offenses, and the danger he poses to the public and to law enforcement a sentence within guideline range is appropriate in this case.

### III.  CONCLUSION

Based on the lengthy criminal history and the nature and circumstances of the offense, the Government respectfully requests this Court sentence Tyrone Cammon within the advisory guideline range.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:  /s/ Scott Zarzycki
Scott Zarzycki (OH: 0072609)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3971/3709
(216) 522-8355 (facsimile)
Scott.Zarzycki@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December, 2019, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Scott Zarzycki
Scott Zarzycki
Assistant U.S. Attorney