UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE CAMMON, | ) | CASE NO.   1:18 CR 58 |
| | ) |                      1:22 CV 703 |
| Defendant-Petitioner, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Plaintiff-Respondent. | ) | |

This matter comes before the Court upon Tyrone Cammon's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence in accordance with Title 28 U.S.C. § 2255. (ECF #103). The petitioner raises two central grounds for relief: (1) five counts of ineffective assistance of counsel; and, (2) that his conviction and sentence are volitive of his rights under the First, Second, Fourth, Fifth, Sixth, and Eighth Amendments of the Constitution. The government filed a Response in Opposition (ECF #107), and Petitioner filed a reply. (ECF #108). This matter is now fully briefed and ready for disposition. For the reasons set forth herein, the petition (ECF #103) is DENIED.

**Factual and Procedural History**

On April 9, 2016, officers initiated a traffic stop of a dark VW Jetta driven by Tyrone Cammon for failing to use a turn signal and for tinted windows. He pulled over at E. 74th and Central and exited the vehicle along with two other males. When officers approached the vehicle, Mr. Cammon fled. After a foot pursuit, Mr. Cammon was arrested. During the pursuit he slipped and fell twice, the second time dropping a firearm in the snow. Officers recovered a

1

FNH, Five-Seven, 5.7x28mm caliber firearm, which matched the shell casings from a shooting a month prior. From the vehicle, officers recovered substances suspected to be heroin, and marijuana.

US Marshals executing an arrest warrant for Tyrone Cammon made entry into 4708 Quincy Avenue on November 16, 2017. Inside the residence US Marshals found Tyrone Cammon and observed in plain view a Glock Pistol in a bin in a closet with no door, a scale for weighing narcotics, a plastic bag containing suspected heroin next to the TV, and a Home Depot bucket containing a drug press, coffee grinder and respirator. A search warrant was obtained. Lakewood Officers recovered two Glock 22, .40 caliber pistols, heroin, and a mixture containing Methoxyacetylfentanyl, Carfentanil, and Fentanyl Pharmacophore.

In February 2018, a federal grand jury returned an indictment charging Mr. Cammon with several drug and firearm offenses in the Northern District of Ohio. (ECF #11). A few months later, on March 19, 2018, the government filed an information under 21 U.S.C. § 851(a)(1) that established Mr. Cammon's prior felony drug offenses for sentencing purposes. (ECF #18). Before trial, Mr. Cammon moved to suppress the evidence against him, challenging the constitutionality of the initial traffic stop and the evidence stemming from it. (ECF #35). The government filed a response, (ECF #39), contending that the stop was justified. After the suppression hearing, the district court rejected Mr. Cammon's challenge to the traffic stop, concluding that the officer's belief that Mr. Cammon's car windows violated the tinted-window law was a sufficient reason for the stop and that the police had probable cause to believe that Mr. Cammon had committed a traffic violation when he turned without using a signal. (ECF #43 PageID 223). The court denied Mr. Cammon's Motion to Supress. *Id*.

Mr. Cammon proceeded to trial, and on August 22, 2019, a jury in the Northern District of Ohio found Mr. Cammon guilty on all counts except the first charge of possession of a firearm by a convicted felon. (ECF #70). At sentencing, the court applied a downward variance of the calculations in the Presentence Report and imposed a sentence of 360 months. (ECF #89).

## Legal Standards for Relief

For Mr. Cammon to prevail on an ineffective assistance of counsel claim, he must show that his counsel's performance was deficient, and that the deficient performance prejudiced his result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient when it falls below an objective standard of reasonableness, and the errors are so serious that he or she was not functioning as the "counsel" guaranteed by the 6th Amendment. *Id.* at 686-88. To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Judicial scrutiny of counsel's performance must be "highly deferential," as defense counsel's competence is presumed. *Id.* at 689; *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). To obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). Further, petitioners must prove by a preponderance of the evidence that their constitutional rights were denied or infringed. *United States v. Brown*, 957 F.2d 679, 690 (6th Cir. 2020). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion.

*See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief). These standards apply equally to ineffective assistance claims against appellate counsel. *See McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004).

## Analysis

Mr. Cammon alleges five (5) claims of ineffective assistance of counsel, and one (1) claim that his conviction and his sentence are volitive of his rights under the First, Second, Fourth, Fifth, Sixth, and Eighth Amendments of the Constitution. (ECF #103, PageID 1302-06). These grounds for relief are addressed below.

## Ineffective Assistance of Counsel (Claims 1-5)

Mr. Cammon alleges five (5) instances in which he claims that he received ineffective assistance of counsel throughout his proceedings. For the Petitioner to prevail on an ineffective assistance of counsel claim, they must show that their counsel's performance was deficient, and that the deficient performance prejudiced them to the extent that the proceedings were unfair, and the result was unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  This requires a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id*.  Judicial scrutiny of counsel's performance must be "highly deferential," as defense counsel's competence is presumed. *Id*; *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).  Petitioner must rebut this presumption by proving, not simply alleging, that his attorneys' representation was unreasonable under prevailing norms and that the challenged actions were not sound strategy. *Kimmelman*, 477 U.S. at 347. Counsel may exercise his professional judgment with respect to the viability of certain defenses and evidentiary matters without running afoul of the Sixth Amendment. *Lewis v. Alexander*, 11 F.3d 1349, 1353-54 (6th

4

Cir. 1993). These standards apply equally to ineffective assistance claims against appellate counsel. *See McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004).

### Claim 1: Expansion of the Traffic Stop Without Reasonable Suspicion and the Search of His Vehicle Without Probable Cause

In his first claim of ineffective assistance of counsel, Mr. Cammon argues that his counsel could have but did not challenge the expansion of the traffic stop without reasonable suspicion. (EFC #103, PageID 1313). Specifically, Mr. Cammon asserts that "counsel could have but did not argue that Officer Harper's opening of the driver's car door and viewing of the inside of the door panel was unrelated to the traffic stop for tinted windows and failure to signal a left turn and did extend the traffic stop without reasonable suspicion." (*Id*. at 1313-1314). On January 6, 2019, counsel filed a Motion to Suppress Stop, Detention, Arrest, Evidence and Statements. (EFC # 35, PageID 150-155). In the Suppression Motion, Mr. Cammon's counsel requested to suppress "all evidence and statements obtained directly or indirectly from the initial stop of the defendant and from searches and seizures of the defendant, on the ground that said stop, searches and/or seizures were conducted without a warrant, without probable cause, and not incident to a lawful arrest." (*Id*., PageID 150). During the suppression hearing, his counsel argued among other things that "[we] don't believe there was reasonable suspicion for the stop…" (EFC #43 PageID 189), that "[t]here [were] too many discrepancies in the officer's testimony…" and that "[t]here's also an impossibility of even seeing darkened windows at this hour of the night." (*Id.* PageID 220-221).

The question is "whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690).

5

Precedent holds that courts should not second-guess defense counsel's strategy in deciding how hard to pursue an argument that was all but foreclosed by established precedent. See *Strickland*, 466 U.S. at 689 (the court should not second-guess an attorney's decisions and avoid the distortion of hindsight).

Mr. Cammon's petition fails to overcome the presumption that his counsel was acting on a sound legal strategy. As an experienced defense attorney, his counsel exercised his judgment and raised those issues he thought would be the most successful at the suppression hearing. The petitioner thus failed to prove the presumption that his attorneys' representation was unreasonable under prevailing norms and that the challenged actions were not sound strategy.

### Claim 2: Failing to Object and Move for Mistrial When the Jurors Reported a Potentially Biased Juror

Mr. Cammon next alleges that his counsel "failed to object and move for mistrial based on the district court's failure to properly inquire when the jurors reported a biased juror." (EFC #103, PageID 1315). During deliberations the jurors asked if they could remove a juror who they believed was "biased or non open-minded." (EFC #94, PageID 1134). In response, the Court consulted with counsel and provided an answer to the jurors that they "have an obligation to deliberate based upon the evidence in this case and the law that I have given you with an open mind, and then if you are able to, return a verdict consistent with that evidence and the law." (Id.). After this answer, the jurors provided no further information regarding the potential bias of a juror.

To maintain a claim that a biased juror prejudiced the petitioner, the petitioner must show that the juror was actually biased against them. *Hughes v. United States*, 258 F.3d 453, 458 (6th Cir. 2001). In the past, the 6th Circuit Court of Appeals has declined to find actual bias in cases

6

with far more compelling facts than those at issue here, as characterized by the dissent in the case, "five jurors receive late night threatening phone calls, the entire jury discusses the phone calls during deliberations, and one juror expressly privately doubts as to whether she can render an objective decision based solely on the evidence. *Id.* at 459, citing *United States v. Pennell,* 737 F.2d 521, 538 (6th Cir. 1984) (Celebrezze, J., dissenting).

      Mr. Cammon's petition fails to demonstrate that a juror was biased against him in an unfavorable manner. The mere fact that jurors asked during deliberation to remove a juror who they believed could be biased or non-open minded does not show that the juror was actually biased against Mr. Cammon. In fact, they could have been concerned that the jury was biased in Mr. Cammon's favor. Further, the fact that a juror is not easily swayed by the opinions of others during deliberations does not equate to evidence of bias. After the answer given by the Court to the jurors, there was no further mention of any potential bias of that juror. Mr. Cammon fails in his petition to meet the standard set out in *Hughes* requiring the petitioner to show that the juror was actually biased against him. Finally, there was no prejudice arising from counsel's failure to pursue a mistrial, as the Court was aware of the concern and took appropriate action to address it. The Petitioners second claim of ineffective assistance of counsel therefore lacks merit.

      <u>Claim 3: Failing to Object to the Career Offender Enhancement</u>

      For his third claim, Mr. Cammon argues he received ineffective assistance of counsel during the sentencing and direct appeals process when his counsel failed to object or argue that three of Mr. Cammon's priors under Ohio Revised Code § 2925.03(A)(I) for the career offender enhancement, were invalid under settled circuit law. A defendant is considered a career offender if: 1) the defendant was at least 18 years of age while committing the instant conviction; 2) the instant offense is a felony crime of violence or a controlled substance offense; and, 3) the

defendant has at least two prior felony convictions of violent crimes or controlled substance offenses. U.S.S.G. §4B1.1. A federal habeas court may consider a state prisoner's federal claim only if he has first presented that claim to the state court in accordance with state procedures. *Shinn v. Ramirez*, 212 L. Ed. 2d 713, 142 S. Ct. 1718, 1727 (2022).

Here, Mr. Cammon was properly categorized as a Career Offender. When Petitioner was sentenced in December of 2019, *United States v. Havis* had recently held that the sentencing "[g]uidelines' definition of 'controlled substance offense' does not include attempt crimes.". 927 F.3d 382, 387 (6th Cir. 2019). There is no indication that his designation was reliant on a crime of attempt that would have been eliminated from the calculations by *Havis*. A Pre-Plea Presentence report and Modified/Criminal History Presentence Report was created and approved at request of the defendant in June and August of 2018 and again disclosed to Mr. Cammon's counsel in November of 2019. The PSI accurately showed that Mr. Cammon "[h]a[d] at least two prior felony convictions of either a crime of violence or a controlled substance offense (along with the current offense); therefore, the defendant is a career offender." (EFC #73, PageID 467-68). As such, there was not a valid reason to object to, the career offender designation. Even if Mr. Cammon had been improperly categorized, his claim would be procedurally defaulted as the issue was not raised on direct appeal.

<u>Claim 4: Ineffective Assistance of Counsel During the Plea Process</u>

Mr. Cammon argues that his counsel failed to advise him of his potential plea options or to attempt to negotiate a plea agreement. (EFC #103, PageID 1317-1321). Specifically, the Petitioner claims "[c]ounsel advised Mr. Cammon to stand trial without first conducting an independent investigation of the facts, circumstances, pleadings and laws involved and without

providing Mr. Cammon with the constitutionally minimum advice necessary to make a knowing and voluntary decision to proceed to trial…" (EFC #103, PageID 1317).

The argument that Mr. Cammon's counsel advised Mr. Cammon to stand trial without first conducting an independent investigation also has no support. Defense counsel requested a Pre-Plea Presentence report and Modified/Criminal History Presentence Report that was created, approved, and given to counsel. The record also shows that Mr. Cammon thwarted counsels attempts to meet with him on multiple occasions. (EFC #31 & EFC #90). Further, Mr. Cammon does not disclose what information he believes could have been found in an investigation that would have changed the outcome of his case.

Mr. Cammon's next argument also fails to meet the required standards. *Hill* requires that to establish an ineffective assistance of counsel claim, a defendant must show (1) that he did not receive some advice, and (2) "a reasonable probability that he would have pleaded guilty had he received proper advice." *Griffin v. United States*, 330 F.3d 733, 738 (6th Cir. 2003). Mr. Cammon's petition does not show either of these requirements. No prejudice exists, as he does not allege or prove that he would have taken a plea if offered.

Claim 5: Multiple Deficiencies or Errors by Counsel During the Pretrial Plea, Trial, Sentencing and Direct Appeal Process

In his final claim of ineffective assistance of counsel, Mr. Cammon alleges several deficiencies and errors by his counsel, some of which have already been discussed above. These arguments that there were multiple deficiencies or errors by his counsel during the pretrial plea, trial, sentencing and direct appeal process lack merit.

Mr. Cammon claims the indictment was "not presented or returned by the grand jury in open court." (EFC #103, PageID 1321). The indictment was properly presented to the Grand

Jury, signed by the Grand Jury foreperson, and returned on February 6, 2018. (EFC #11: Indictment, PageID 25-29). Mr. Cammon also argues that his counsel failed to timely request appropriate jury instructions and to timely object to insufficient instructions, which is also incorrect.[1] There is no evidence presented in Mr. Cammon's petition that the jury instructions were not appropriate, or that his counsel had any grounds to challenge the instructions. Mr. Cammon next argues that his counsel could have but did not retain an expert witness. (EFC #103, PageID 1322). Again, the court should not second-guess an attorney's decisions and avoid the distortion of hindsight. He provides no reason why an expert was necessary or how the lack of an expert prejudiced his case. Finally, Mr. Cammon argues that his counsel labored under an actual conflict of interest that adversely affected their performance during the processes in this case. (EFC #103, PageID 1324). Mr. Cammon provides no such evidence or examples to prove this claim. Thus, his petition of ineffective assistance of counsel fails. Even if Mr. Cammon was able to point to some support for his claims, his claim is still procedurally defaulted as the alleged ineffective assistance of counsel issue was not raised on direct appeal.

### Mr. Cammon's Conviction and Sentence Are Volitive of His Rights Under the First, Second, Fourth, Fifth, Sixth, and Eighth Amendments (Claim 6).

Mr. Cammon states in his final claim that his conviction and sentence are volitive of his rights under the First, Second, Fourth, Fifth, Sixth, and Eight Amendment. To obtain relief on a Section 2255 motion, petitioners must prove by a preponderance of the evidence that their constitutional rights were denied or infringed. *United States v. Brown*, 957 F.2d 679, 690 (6th Cir. 2020). Mr. Cammon does allege that some of his rights were denied or infringed, but his

---

[1] The government filed their jury instructions on August 16, 2019, (EFC #60, PageID 333-395), which Mr. Cammon's counsel had access to through the Court's electronic filing system. On August 20, 2019, the government filed a joint supplemental proposed jury instruction. (EFC #65, PageID 404-406). Mr. Cammon offers no support for his presupposition that these proposed instructions were appropriate and legally correct.

statement makes no such claims as to how his First, Second, and Eighth Amendment were violated by his conviction and sentence. No allegations support the claim that his speech was restricted. The law recognizes restrictions on the right to bear arms, and that such a right is not universal. The Petitioner provided no facts alleged that would show any cruel and unusual punishment. Further, he fails in this petition to prove by a preponderance of the evidence that his Fourth, Fifth, and Sixth Amendment rights were violated. His right to be free of unreasonable search and seizures was addressed above, as well as the rights to counsel, trial, and the right to present a defense. His right to due process of law was respected and provided throughout trial. Therefore, his final claim that his sentence and conviction violate his rights fails on the merits.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue

11

presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

## Conclusion

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence in Accordance With Title 28 U.S.C. § 2255 (ECF #103) is DENIED. This Court finds that Petitioner's counsel did not give ineffective assistance, and Petitioner's conviction and sentence are not volitive of his rights under the First, Second, Fourth, Fifth, Sixth, and Eighth Amendments.

IT IS SO ORDERED.

/s/ *Donald C. Nugent*
DONALD C. NUGENT
Senior United States District Judge

DATED: October 11, 2022